IN THE CIRCUIT COURT FOR ALLEGANY COUNTY, MARYLAND

WILLIAM A. TACCINO
CAROL J. TACCINO
402 PINE AVE,
CUMBERLAND MD. 21502
PLAINTIFFS
          VS.

DOLLAR TREE, INC.
GARY M. PHILBIN, CEO
500 VOLVO PKWY,
CHESAPEAKE VA. 23320
DEFENDANTS

CIVIL CASE No. C-01-CV-20-000311

## INTRODUCTION

The Plaintiffs are bringing this action against the defendant for violating Md. Governor Larry Hogan's Aprl 15, 2020 executve order regarding the wearing of masks or facial covering in public places and businesses. This violation jeopardized the public health and safety and Defendant was negligent in that the Defendant provided false statements and information to the police, all of which caused Plaintiff William undue stress and defamation of character during this time of uncertainty. Plaintiffs seek monetary, compensatory damages in amounts to be determined at trial, and punitive damages in the amount of $125,000.00.

## THE PARTICULARS IN THIS CASE

That on April 25, 2020, at approximately 19:54pm, Plaintiff William Taccino dropped his wife, Carol Taccino off at the Dollar Tree in White Oaks Plaza, 1619 Oldtown Rd., Cumberland, Md. 21502. She is a disabled American veteran with COPD and Plaintiff William is also disabled. Just after parking his vehicle in the parking lot, he noticed a woman entering the store without a face mask. She went straight to the check-out and spoke to the cashier. Plaintiff William Taccino immediately went to this woman and asked,

"Lady, where is your face mask?"

She replied, "I left it in the car." She then headed toward the door and on her way out, hollered to Plaintiff William,

"What the f--- business is it of yours?"

Plaintiff said, "It is my business. My wife is in here shopping, and now, I am in here."

Just then, the cashier came over and Plaintiff William Taccino asked her, "Are you going to do something about this?"

She said, "I heard you holler at her," and, "Just forget it," which Plaintiff was going to do. Just then, the woman reentered the store with mask in hand and walked past both of clerk and Plaintiff William Taccino. She did not purchase anything.

Plaintiff Willliam Taccino said to the clerk, "If you won't do something about this, I will."

Plaintiff went to find his wife and told her, "Let's go. We're out of here." Plaintiff William Taccino went to the car and phoned the Cumberland City Police to report the incident.

Shortly after they got home, the CPD contacted Plaintiff William Taccino about the incident and informed him the assistant manager of the store told the officer she never saw the woman before and that Plaintiff William Taccino was causing a disturbance. Plaintiff William Taccino told the officer if the store has a sign on the door that masks are required when entering the store, per the governor's executive order, but the store does not enforce it and the police refuse to, that the customers must take action to protect their health and safety and defend their lives. In the police report is written the employees of the store were supposed to enforce the face covering requirement. The officer said he would get back to Plaintiff William Taccino the next day about this, which he did. The next day, Plaintiff William phoned the police chief to obtain a copy of the incident report, which is enclosed.

## FACTS

1. That Md. Gov. Larry Hogan's executive order, effective April 15, 2020. clearly states, "masks or facial coverings must be worn in public places/businesses." (Exh. 1A, B)

2. That Dollar Tree clearly had a sign on the door stating, "Mask or face covering required upon entering."

3. That the Dollar Tree clerk admitted that a woman without a mask entered and was inside the store. (see IR C2020-08545)

4. That the Dollar Tree clerk was negligent in that she did not take any action to correct the situation and thus, failed to avoid a dangerous situation and ensure the safety of her customers. This is not mentioned anywhere in the incident report.

5. That the dollar Tree cashier made a false statement to the police that I, (Plaintiff William Taccino) caused a disturbance, labling him as a criminal. (Exh. 2A, B; IR C2020-08545)

6. That by Dollar Tree's negligence and refusal to comply with Md. Gov. Hogan's executive order and the sign on their own door, they have caused Plaintiff William Taccino undue stress in that.

    A. Plaintiff William Taccino was exposed, on 2 occasions, to an unmasked person less than a foot away from him.

    B. Plaintiffs William and Carol Taccino are both at higher risk for infection from the coronavirus due to their ages and compromised health.

    C. The unknown woman was an African American which (according to the available information) makes her at higher risk for infection of the COVID-19 virus and the spread thereof.

    D. 12 days later, Plaintiff William Taccino phoned the Allegany County Health Dept. to ask if they could trace back to find this woman and have her tested. He never heard back from them.

    E. Plaintiff William Taccino was accused of a crime when all he was attempting to do was

2

defend the health and safety of his wife and himself. (Exh. 2A, B; IR C2020-08545)

F. The following week, a security guard for a Family Dollar store in Michigan was killed doing his job, protecting the health and safety of others.

## PLAINTIFFS' STATEMENT OF CLAIM

COUNT I: Defendant Dollar Tree, Inc. - Violations of Md. Gov. executive order.

7. Plaintiffs reallge and incorporate paragraphs 1-6 f this complaint.

8. That, on April 25, 2020, Dollar Tree violated Md. Gov. Hogan's April 15, 2020 executive order by failing to enforce both that order and the sign posted on the front door of the business stating that masks or facial coverings are required before entering the store, causing Plaintiff William undue stress for several weeks after. (Para. 1-3, Exh. A,B)

COUNT II: Defendant Dollar Tree, Inc. negligence.

9. Plaintiffs reallge and incorporate paragraphs 1-8 f this complaint.

10. That the DefendantDollar Tree, Inc. is negligent by not enforcing action against violaters and allowing an unmasked person to enter the store, thus risking public health and safety by exposure to this person. This caused Plaintiff William undue stress for several weeks after. (Para. 3, 4; Exh. A)

COUNT III: Defendant Dollar Tree, Inc. made false statements to police to cover up a wrongdoing.

11. Plaintiffs reallge and incorporate paragraphs 1-10 f this complaint.

12. That Dollar Tree, Inc. knowingly, willfully and intentionally told police that Plaintiff William Taccino was in the store and caused a disturbance, when in fact Plaintiff was requesting that Dollar Tree take appropriate action against a violator who was jeopardizing the public health and safety, including his wife, himself and anyone else in the store. Dollar Tree, Inc. refused to take the appropriate action and instead defamed Plaintiff's character and reputation to the police. (Para. 5, Exh. A)

## RELIEF SOUGHT

For COUNT I

Plaintiffs respectfully ask this honorable court to grant them the following relief.

1. Award Plaintiffs monetary damages in an amount to be determined at trial for any cost of filing this action and service

2. Award Plaintiffs compensatory damages in an amount to be determined at trial for any time and costs in this motion.

3. Award Plaintiffs punitive damages for undue stress suffered by Plaintiff William in the amount of $50,000.00.

For COUNT II

1 Award Plaintiffs monetary damages in an amount to be determined at trial for any cost of filing this action, service and ?

4

2. Award Plaintiffs compensatory damages in an amount to be determined at trial for any time and costs in this motion.

3. Award Plaintiffs punitive damages for extreme stress suffered by Plaintiff William in the amount of $50,000.00.

For COUNT III

1. Award Plaintiffs monetary damages in an amount to be determined at trial for any cost of filing this action, service and ?

2. Award Plaintiffs compensatory damages in an amount to be determined at trial for any time and costs in this motion.

3. Award Plaintiffs punitive damages in the amount of $25,000.00 for defamation of character, and grant Plaintiffs any further relief sought for their cause in this matter and as justice requires.

## REQUEST FOR JURY TRIAL

Plaintiffs reserve the right to request a jury trial providing it is safe to do so due to the pandemic and the state of emergency. For now, because of Plaintiffs' disabilities, they request that all hearings be done by telephonic hearing of skype.

## CONCLUSION

It is believed the Dollar Tree employee may not have been properly trained. If so, no action should be taken against her.

Plaintiffs reserve the right to amend this complaint to include other defendants and counts.

Plaintiff William Taccino has blacked out, on the police incident report a word inserted by them, not suitable for public viewing.

Respectfully,

*[signature]*
William A. Taccino
402 Pine Ave.
Cumberland, Md. 21502
301-722-2520

*[signature]*
Carol J. Taccino

v. Laundromats.

II. Use of Face Coverings.

a. Effective as of 7:00 a.m. on April 18, 2020:

i. all riders and operators on any Public Transportation are required to wear Face Coverings (excluding any operator in a separate compartment that is off-limits to riders);

ii. all customers over the age of nine are required to wear Face Coverings while inside the enclosed area of any Retail Establishment or Foodservice Establishment;

iii. adult customers accompanying children age two through nine shall use reasonable efforts to cause those children to wear Face Coverings while inside the enclosed area of any Retail Establishment or Foodservice Establishment;

iv. all Retail Establishments shall require staff to wear, and those staff shall wear, Face Coverings while working in areas open to the general public and areas in which interactions with other staff are likely; and

v. all Foodservice Establishments shall require staff who interact with customers (including, without limitation, delivery personnel) to wear, and those staff shall wear, Face Coverings while working.

b. Single-use Face Coverings shall be properly discarded in trash receptacles. It is recommended that all reusable Face Coverings be cleaned frequently (at least once per day).

c. Wearing a Medical-Grade Mask satisfies any requirement in paragraph II.a to wear a Face Covering, but all Marylanders are urged to reserve Medical-Grade Masks for use by health care workers and first responders.

III. Physical Distancing Measures for Retail Establishments.

a. All Retail Establishments shall, in good faith and to the extent possible:

i. Where any queue is expected to form, designated with signage, tape, or by other means at least six-foot spacing for persons in line;

ii. Sanitize, or provide customers with a means to sanitize, handles of carts and baskets that are available to customers;

iii. Provide staff and customers with clean restrooms stocked with soap or sanitizer, and allow staff to wash their hands at least once every 30 minutes; and

E/h/A
- 3 -

      iv. Post signage at each entrance advising customers about the requirement to wear Face Coverings described in paragraph II.a.

  b. The Secretary of Health of the State of Maryland (the "Secretary") is authorized to issue directives under this Order, as the Secretary deems necessary, to prevent, reduce the spread of, and suppress COVID-19 in and around Retail Establishments and/or Foodservice Establishments, which may include, without limitation, additional requirements for physical distancing, cleaning, and disinfection at Retail Establishments and/or Foodservice Establishments.

IV. <u>General Provisions</u>.

  a. Each law enforcement officer of the State or a political subdivision shall execute and enforce this Order.

  b. A person who knowingly and willfully violates this Order is guilty of a misdemeanor and on conviction is subject to imprisonment not exceeding one year or a fine not exceeding $5,000 or both.

  c. This Order remains effective until after termination of the state of emergency and the proclamation of the catastrophic health emergency has been rescinded, or until rescinded, superseded, amended, or revised by additional orders.

  d. The effect of any statute, rule, or regulation of an agency of the State or a political subdivision inconsistent with this order is hereby suspended.

  e. The underlined paragraph headings in this Order are for convenience of reference only and shall not affect the interpretation of this Order.

  f. If any provision of this Order or its application to any person, entity, or circumstance is held invalid by any court of competent jurisdiction, all other provisions or applications of the Order shall remain in effect to the extent possible without the invalid provision or application. To achieve this purpose, the provisions of this Order are severable.

ISSUED UNDER MY HAND THIS 15TH DAY OF APRIL, 2020, AND EFFECTIVE IMMEDIATELY.

Lawrence J. Hogan, Jr.
Governor

Exh 18

-4-

# City of Cumberland Department of Police

## Incident Report: C2020-08545

| | |
|---|---|
| Date: | 04/25/2020   Day: Sat   Time: 19:54 |
| Shift: | SQUAD N2 |
| Area: | *none |
| Dispatch: | DS946  Civ/Spc Abbey E Bevan |
| Assigned To: | C232  Ptrl Trevor D Baluch |
| Backup Officers: | |
| Supervisor: | C213  Cpl Jacob Sullivan |
| Nature: | EX ORDER VIOLATION |
| Location of Incident: | 402 Pine Ave  Cumberland MD |
| Case Status: | Closed |
| Complainant: | Taccino , William Anthony |
| | 402 Pine Avenue |
| | Cumberland MD |
| | Home: 240-362-7796  Mobile: 301-268-5934 |
| Weather: | Seasonal |
| Time Frame: | |
| Suspect Vehicle: | |
| Method of Operation: | |
| Physical Evidence: | |
| Photos? | *No |
| Scene Processed: | |
| To C3I: | |
| Forwarded On: | |
| By: | |
| C3I Investigator: | |
| Report Submitted by: | |

Date: 04/27/2020

*E-ph3A* (signature)

Page 1 of 3

| Narr: Original Narrative - C946 04/25/2020 |
|---|

CAD Incident#: 200008821
Call Taker ID: D946 Dispatcher ID: D946
Complainant: WILLIAM TACCINO
Cross Street: <300>PEARL ST
Cross Street2:<0>ALLEY
Dispatcher Remarks: REQUEST FOR OFFICER

| Narr: 1 Original Narrative C232 - C232  Ptrl Trevor D Baluch 04/26/2020 |
|---|

On April 25, 2020, at approximately 2000 hours, William Taccino contacted dispatch regarding a disturbance at the Dollar Tree in Whit Oaks Plaza. Mr. Taccino advised that he had been involved in an altercation at the Dollar Tree with a female that had entered the store without wearing a mask.

I made contact with the assistant manager of the Dollar Tree, Leslie Stubbs. Ms. Stubbs advised that a black female had entered the store without a face covering. She stated that a white male, William Taccino, began shouting and cussing at the female. The female then retrieved her mask from her car and the male left with his wife. Ms. Stubbs stated that she did not know the females identity.

I made contact with Mr. Taccino at 402 Pine Ave. Mr. Taccino stated that he politely asked the female to put a mask on. He stated that the female responded stating "Why the f---is it your business?" He stated that he did not shout at the female. I advised Mr. Taccino that a store employee had witnessed him shouting at the female. Mr. Taccino then asked who was supposed to enforce the faced covering order. I advised Mr. Taccino that employees of the store were supposed to enforce the face covering requirement. I advised Mr. Taccino to contact store employees if another customer was not wearing a face covering. I instructed Mr. Taccino not to cause any further disturbances. I advised him that if he caused disturbances it could become a criminal issue for creating the disturbance.

C232

04/27/2020                                                                                                           Page 2 of 3

William A. Taccino
Carol J. Taccino
402 Pine Ave.
Cumberland, Md. 21502
301-722-2520

Sept. 25, 2020

Clerk
Allegany County Circuit Court
30 Washington St.
Cumberland, Md. 21502

Dear Clerk,

    Please issue summons for the following.

    Dollar Tree, Inc.
    Gary M. Philbin, CEO
    500 Volvo Pkwy
    Chesapeake, Va. 23320

Thank you,

*[signature]*
William A Taccino

