**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| WILLIAM TACCINO et al. | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.: 1:20-cv-03494-GLR |
| DOLLAR TREE, INC. | * | |
| Defendant. | * | |

* * * * * * * * * * * * * *

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DOLLAR TREE'S MOTION TO DISMISS

Defendant, Dollar Tree Stores, Inc. (incorrectly sued as "Dollar Tree, Inc.")("Dollar Tree"), by and through its counsel, KIERNAN TREBACH LLP, and pursuant to Rule 12(b)(6), Fed. R. Civ. P., hereby submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss Plaintiffs' Complaint with prejudice, because (A) there is no private right of action for violating Governor Hogan's April 15, 2020 Executive Order; (B) Plaintiffs fail to allege an objective determination of their "undue stress," thereby failing to state a claim for negligence; and (C) Dollar Tree's cashier's statement that Mr. Taccino caused a "disturbance" is not actionable as a defamatory statement.

## I. PRELIMINARY STATEMENT

This matter arises out of a putative interaction between the Plaintiffs - William and Carol Taccino ("Plaintiffs"), - an unknown female customer, and a Dollar Tree employee at the Dollar Tree store located at 119 Oldtown Road, Cumberland, Maryland 21502 (the "Store"). Plaintiffs filed a three count complaint, asserting claims for (1) "Violations of MD. Gov. executive order"; (2)

Negligence; and (3) what appears to be some form of a defamation claim.[1] None of these three counts asserts a claim upon which relief can be granted in the State of Maryland. Therefore, this Court should grant Dollar Tree's Motion to Dismiss, and dismiss Plaintiffs' Complaint with prejudice.

First, Count I of the Complaint must be dismissed, because there is no private right of action under Governor Hogan's Executive Order. Even if there was a private right of action, the plain language of the Executive Order does not require retail stores to enforce a mask policy *for their customers*. Second, Plaintiffs' negligence claim fails as a matter of law, because Plaintiffs have failed to plead facts demonstrating a cognizable injury as required by Maryland law. Third, Plaintiffs' "defamation" claim should be dismissed, because Plaintiffs have not plead facts that Dollar Tree made a provably false statement of fact, or that such false statement damaged the Plaintiffs.

Therefore, this Court should dismiss Plaintiffs' Complaint with prejudice.

## II. FACTUAL BACKGROUND

### A. Governor Hogan's Executive Order[2]

On April 15, 2020, Maryland Governor Larry Hogan issued an executive order (the "Executive Order") concerning the use of face coverings in public spaces in light of the ongoing COVID-19 pandemic (the "Pandemic"). With respect to retail stores, and as relevant to this matter, the Executive Order, provided that:

> ii. "All customers over the age of nine are required to wear Face Coverings while inside the enclosed area of any Retail Establishment or Food Service Establishment;
>
> iii. Adult customers accompanying children age two though nine shall use reasonable efforts to cause children to wear Face Coverings

[1] For Count III, the Complaint states "Defendant Dollar Tree, Inc. [sic] made false statements to police to cover up wrongdoing.

[2] Because the Plaintiffs attached part of Governor Hogan's Executive Order as an exhibit to the Complaint, the Court may consider it upon ruling on this motion.

> while inside the enclosed area of any Retail Establishment or Food Service Establishment."
>
> iv. All Retail Establishments shall require staff to wear and whose staff shall wear, Face Coverings while working in areas open to the general public and areas in which interactions with other staff are likely. . . .

(*See* Complaint at Exhibit A.)

The Executive Order further provides that "[a] person who knowingly and willfully violates this Order is guilty of a misdemeanor and on conviction is subject to imprisonment not exceeding one year or a fine not exceeding $5,000 or both." *Id.*

B. <u>The Incident</u>

On April 25, 2020 at approximately 7:54 P.M., Mr. Taccino dropped his wife, Carol Taccino, off at the Store before parking his car in the Store's parking lot. (*See* Compl. at 1.) Mr. Taccino then noticed a female customer (the "Customer") entering the Store without a facemask and proceed to the checkout counter to speak to a cashier. (*Id.*) Mr. Taccino approached the Customer and asked "Lady, where is your face mask?" (*Id.*) The Customer responded that she left her facemask in her car and left the store to retrieve it. (*Id.*)

On her way out of the store, the Customer allegedly asked Mr. Taccino why the issue of the Customer wearing a mask was his business. (*See id.*) Subsequently, Mr. Taccino approached the Store's cashier and asked, "are you going to do something about this?" (*Id.*) The cashier responded that she "heard [Mr. Taccino] holler at [the Customer]" and told Mr. Taccino to "just forget it." (*Id.*) Shortly thereafter, the Customer returned to the Store with her mask in her hand, but did not purchase anything. Mr. Taccino told the cashier "if you won't do something about this, I will." (*Id.*) Mr. Taccino then found his wife, left the Store, and telephoned the Cumberland City Police to report the incident. (*Id.* at 1-2.)

When Mr. Taccino arrived at home, the police telephoned him, advising that the cashier had reported that he caused a disturbance. (*Id.*) Mr. Taccino responded that customers must "take action to protect their health and safety and defend their lives" when a Store refuses to enforce Governor Hogan's Executive Order. (*Id.*)

C. <u>The Police Report</u>

The subject police report, which Plaintiff attached to his Complaint as Exhibit B, provides that Dollar Tree cashier, Leslie Stubbs, stated that a "white male, William Taccino, began shouting and cussing at a black female who was not wearing a face covering." (*Id.* at Exhibit B.) The police report also includes a statement from Mr. Taccino denying that he shouted at the female. (*Id.* at Exhibit B.) The report also states that employees of the store were supposed to enforce the face covering requirement. (*Id.* at Exhibit B.) Finally, the officer "instructed Mr. Taccino not to cause any further disturbances" and "[a]dvised him that if he caused disturbances it could become a criminal issue." (*Id.* at Exhibit B.)

## III. <u>STANDARD OF REVIEW</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move for dismissal of a complaint prior to filing an answer for "failure to state a claim upon which relief can be granted." *Id.* A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief" or does not "state a claim to relief that is plausible on its face." Fed. R. Civ. Proc. 8(a)(2), *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570)), *see also Kelly v. OCWEN Loan Servicing LLC*, 2017 U.S. Dist. LEXIS 209525 *5 (D. Md. 2017). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555. "Though the plaintiff is not required to forecast evidence to prove the

elements of the claim, the complaint must allege sufficient facts to establish each element." *Goss v. Bank of Am.*, N.A., 917 F.Supp.2d 445, 449 (D. Md. 2013) (quoting *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., *Goss v. Bank of Am., NA*, 546 F.App'x 165 (4th Cir. 2013)).

In disposing of a Rule 12(b)(6) motion, "a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff." *Albright v. Oliver*, 510 U.S. 266, 268 (1994), *see also Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005) (*citing Scheuer v. Rhodes*, 416 U.S. 232, 236 *(*1974)). The court, however, "need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, or legal conclusions couched as factual allegations." *Kensington Physical Therapy, Inc. v. Jackson Therapy*, LLC, 880 F. Supp. 2d 689, 692 (D. Md. 2012) (citing *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979), s*ee Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999); *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989); *see also Iqbal*, 556 U.S. at 678. "Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint'." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015).

## IV. <u>ARGUMENT</u>

### A. This Court Should Dismiss Plaintiff's Count I for Violation of Governor Hogan's Executive Order.

1. <u>There is No Private Cause of Action for a Violation of Governor Hogan's Executive Order.</u>

Preliminarily, there is nothing in the Annotated Cote of Maryland, the Maryland Rules of Procedure, or any case that conveys a private right of action on a party against a private actor for violating an executive order. *See, e.g.* Md. State Government Code. Ann. SECTION 3-401 et seq. For this reason alone, this Court should dismiss Count I of the Complaint. However, even if an Executive Order could somehow create a private right of action, it is clear that this Executive Order does not.

It is well settled that "executive orders 'promulgated pursuant to Article II, section 24 of the Maryland Constitution have the 'force of law' . . . as long as they are not inconsistent with existing statutes and are within the scope contemplated by the specific enabling legislation.' *Dep't of Pub. Safety & Corr. Servs. v. Beard*, 142 Md. App. 283, 297 (2002); *Lomax v. Warden*, 120 Md. App. 314, 333 n.8, 707 A.2d 395. (1998), *aff'd*, 356 Md. 569, 741 A.2d 476 (1999)

It is equally well-settled that "a private cause of action in favor of a particular plaintiff or class of plaintiffs does not exist simply because a claim is framed that a statute was violated and a plaintiff or class of plaintiffs was harmed by it." *See Fangman v. Genuine Title, LLC*, 447 Md. 681, 693 (2016) (citing *Baker v. Montgomery Cnty.*, 427 Md. 691, 708-11, 50 A.3d 1112, 1122-23 (2012)). "Rather, the issue is a matter of statutory construction. . . ." *Id*. To this end, the central inquiry remains whether the legislative body intended to create, either expressly or by implication, a private cause of action." *Id.* at 694. "Courts discern . . . whether a private cause of action was intended by analyzing the language of the statute to identify its purpose and intended beneficiaries, reviewing the statute's legislative history, and determining whether the statute provides otherwise an express remedy." *Id*.

First, it is undisputed that the Executive Order does not expressly create a private cause of action. (*S*ee Compl. at Ex. A.) Instead, the Executive Order imposes a small fine on people who

violate it. Thus, the inquiry is whether the Executive Order intended to create a private right of action by examining the language of the statute at hand and whether it confers a beneficial right upon a particular class of persons. *Fangman*, 447 Md. at 694. As the Court of Appeals in *Fangman* explained:

> If a statute's language provides a right to a particular class of persons, there is a strong inference that the legislature intended the statute to carry an implied cause of action. Conversely, that inference becomes attenuated when the statute is framed as a general prohibition or a command to a governmental entity or other group or confers a generalized benefit.

*Id*.

The Executive Order is clearly framed as a general welfare order intent on protecting the population at large, as opposed to a particular class of persons. *See Baker*, 427 Md. at 697-698 (holding that a general welfare statute that does not benefit a particular class of persons, let alone" the plaintiffs" did not create a private right of action); *Fangman* at 702. In addition, the Executive Order specifically includes a penalty of $500 per violator to act as a deterrent to would-be violators. This—as opposed to a private right of action—is clearly intended to be the penalty a violator will face. Finally, nothing in the "legislative" history behind the Executive Order indicates an intent to confer a private right of action. *See Baker*, 427 Md. at 714 ("[T]he lack [of discernible legislative intent to create an implied cause of action in the plain language and structure of the statute, its legislative history, or some other legitimate and reliable source cements the conclusion that the [General Assembly], in enacting [TR] § 21-809, did not contemplate an implied private cause of action.") The purpose of the Executive Order is to protect the public from the risks of COVID-19, not to provide any person who thinks they may have been exposed with a right to sue. Therefore, as the Executive Order does not impliedly provide a private right of action, this Court should dismiss Count I with prejudice.

2. <u>Even if the Executive Order Created a Private Right of Action, Dollar Tree Clearly did not Violate the Executive Order</u>.

This Court should dismiss Count I of the Complaint, because the Complaint fails to allege facts sufficient to show that Dollar Tree violated the Executive Order. Indeed, nothing in the Executive Order requires Dollar Tree to ensure that *its customers* wear a mask or face covering while shopping at its stores.

As stated above, the Executive Order provides three clear mandates with respect to retail stores. First, "[a]ll customers over the age of nine are required to wear Face Coverings while inside the enclosed area of any Retail Establishment or Food Service Establishment." This requires *customers* to wear a face covering, and subjects *customers* to a $500 fine for a violation. To be clear, the plain, unambiguous language of the Executive Order does not require a retail store to ensure that a customer wears a face covering.

The second relevant section of the Executive Order places another mandate on *adult customers* at a retail store: "Adult customers accompanying children age two though nine shall use reasonable efforts to cause children to wear Face Coverings while inside the enclosed area of any Retail Establishment or Food Service Establishment." (*See* Compl. at Ex. A.) The plain, unambiguous language of this section states that adults who violate this section may be subject to a $500 fine. This section imposes no legal obligation on a retail store.

The only mandate that the Executive Order imposes on a retail store is contained in subsection iv: "All Retail Establishments shall require staff to wear and whose staff shall wear, Face Coverings while working in areas open to the general public and areas in which interactions with other staff are likely. . . ." The Complaint fails to allege facts that a member of Dollar Tree's staff failed to wear a Face Covering while working in the Store.

Because Plaintiffs have not—and cannot—plead facts demonstrating a violation of the Executive Order, this Court should dismiss Count I of the Complaint with prejudice.

**B. This Court Should Dismiss Count II of the Complaint Because Plaintiffs Fail to Plead Facts Showing an Objective Determination of Their Alleged "Undue Stress."**

Count II of the Complaint is a claim for negligent infliction of emotional distress. The Plaintiffs claim that as a result of Dollar Tree's ostensible negligent in failing to ensure that the Customer wore a mask, the Plaintiffs suffered "undue stress for several weeks later." (*See* Compl. at 4, ⁋9.)

It is well-settled that "while other jurisdictions may allow recovery under the concept of negligent infliction of emotional distress Maryland does not." *Hamilton v. Ford Motor Credit Co.*, 66 Md. App. 46, 63 (1986); *Williams v. Prince George's County*, 112 Md. App. 526, 556 (1996). For this reason alone, Count II of the Complaint should be dismissed.

However, even if this Court wishes to consider this as a "general negligence" claim, it still must be dismissed, because Plaintiffs fail to properly allege the fourth element of a *prima facie* negligence claim—damages. *Jacques v. First Nat'l Bank*, 307 Md. 527, 531 (1986) ("[T]o establish a cause of action in negligence, a plaintiff must prove the existence of four elements: a duty owed to him (or to a class of which he is a part), a breach of that duty, a legally cognizable causal relationship between the breach of duty and the harm suffered, and damages."); *Goss*, 917 F. Supp. 2d at 449 ("Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element.")

Plaintiffs allege that they suffered "undue stress" as a result of Dollar Tree's alleged negligence. However, "undue stress," by itself, is not a proper pleading of damages; to recover

emotional damages in Maryland, a plaintiff must plead facts showing "that the injury for which recovery is sought is capable of objective determination." *Hoffman v. Stamper*, 385 Md. 1, 34 (2005) (citing *Vance v. Vance*, 286 Md. 490, 408 A.2d 728 (1979); *see also Laubach v. Franklin Square Hospital*, 79 Md. App. 203, 218 (1989) (observing that in a negligence case, "there can be no recovery for emotional distress in the absence of 'some clearly apparent and substantial physical injury, as manifested by an external condition or by symptoms clearly indicative of a resultant pathological, physiological, or mental state.'")

Here, Plaintiffs do not allege a clearly apparent and substantial physical injury. Nor do they allege an injury "indicative of a resultant pathological, physiological or mental state." *See id.* The vague allegation of "undue stress" is conclusory. *See Exxon Mobil Corp. v. Albright*, 433 Md. 303, 358 (2013) (holding that an emotional damages claim must "contain more than mere conclusory statements, such as '[h]e was afraid,' . . . . [t]he evidence must be *detailed enough to give the jury a basis upon which to quantify the injury*.") (emphasis in original); *see also Vance*, 296 Md. at 490 (explaining that objective evidence of an emotional injury may be plead in four different ways, including objective evidence of a mental state). Indeed, most everyone in 2020 is suffering from "undue stress" as a result of the Pandemic, and there is no allegation that the Plaintiffs' "stress" is different from the stress that every American has faced this year.

In conclusion, Plaintiffs were required to plead facts supporting an objective determination of stress, as opposed a simple subjective claim that they suffer from undue stress. *See Exxon Mobil Corp. v. Albright*, 433 Md. 303, 350-351 (2013) ("As long as the emotional distress due to the tortious conduct is manifested objectively, the emotional distress is deemed genuine and compensable even though the tortious conduct did not cause bodily harm.") Therefore this Court should dismiss Plaintiffs' negligence claims with prejudice. *See Hendrix v. Burns*, 205 Md. App.

1, 30 (2012) ("[I]n tort actions, damages may be recovered for emotional distress capable of objective determination.")

### C. Count III of the Complaint Fails to State a Claim Upon Which Relief Can Be Granted.

This Court should dismiss Count III, which appears to be a defamation claim against Dollar Tree, with prejudice.

"In order to plead properly a defamation claim under Maryland law, a plaintiff must allege specific facts establishing four elements to the satisfaction of the fact-finder: '(1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff thereby suffered harm.'" *Piscatelli v. Van Smith*, 424 Md. 294, 306 (2012); *see also Shapiro v. Massengill*, 105 Md. App. 743, 772 (1995) (citing *Kairys v. Douglas Stereo Inc.*, 83 Md. App. 667, 678, 577 A.2d 386 (1990). The Complaint patently fails to do so.

#### 1. The Cashier's Statement that Mr. Taccino Caused a Disturbance is Not Provably False.

The first step in any defamation claim is pleading facts sufficient to show that the defendant made a false statement. Importantly, the plaintiff carries the burden to prove falsity. *See Piscatelli*, 424 Md. at 306. Importantly, however "if a statement is not provable as false or is not reasonably interpretable as stating facts, then it cannot form the basis of a defamation suit." *Thacker v. City of Hyattsville*, 135 Md. App. 268, 313 (2000).

Here, Plaintiff alleges that Dollar Tree "knowingly, willfully, and intentionally told Police that Plaintiff William Taccino was in the store and caused a disturbance. . . ." (Compl. at 4, ⁋12.) Based on the facts alleged in the Complaint, one could fairly state that Mr. Taccino caused a disturbance. Indeed, Plaintiffs allege that Mr. Taccino approached a woman he did not know to

ask where her face mask was (*See id.* at 1.), asked the cashier if she was "going to do something about this," and threatened the cashier that "if [she] won't do something about this, [he would]." (*Id.*)

In other words, what Plaintiffs claim was a false statement was instead, a subjective opinion given by the Dollar Tree cashier based on facts that Plaintiff admits in the Complaint. *Thacker*, 135 Md. at 313 (citing *Peroutka v. Streng*, 116 Md. App. 301, 323, 695 A.2d 1287 (1997) ("When a defendant bases his expression of a derogatory opinion on the existence of 'facts' that he does not state but that are assumed to be true by both parties to the communication, and if the communication does not give rise to the reasonable inference that it is also based on other facts that are defamatory, he is not subject to liability"). Indeed, the facts in the Complaint demonstrate that the cashier subjectively believed Mr. Taccino to be causing a disturbance. (*See* Compl. at 1) (wherein Plaintiffs plead that the cashier told Mr. Taccino "I heard you holler at [the Customer].")

Because the statement that Mr. Taccino caused a disturbance is not provable as false, Plaintiffs have failed to state a claim for defamation. Therefore, this Court should dismiss Count III with prejudice.[3]

2. Count III Fails to Assert Facts Concerning the Cashier's State of Mind.

In *Petrouka*, *supra*, the Court of Appeals held that "states were free to define the standards for defamation of private individuals so long as they did not impose liability without fault." *Id.* at 301 (citing *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 332 (1974). In an attempt to use "buzzwords," Count III claims that Dollar Tree knowingly, willfully, and intentionally told police

---

[3] Dollar Tree's putative statement to the police that Mr. Taccino caused a disturbance is also not defamatory. *See Piscatelli*, 424 Md. at 306. ("For purposes of the first element, a 'defamatory statement' is one that tends to expose a person to 'public scorn, hatred, contempt, or ridicule,' which, as a consequence, discourages 'others in the community from having a good opinion of, or associating with, that person.'")

that Plaintiff Willian Taccino was in the store and caused a disturbance." However, this pleading merely states that the cashier intentionally told the police something, and does not concern her state of mind with respect to the putative falsity of the claim. *See Hearst Corp. v. Hughes,* 297 Md. 112, 114 (1983) (observing that the degree of fault element concerns whether the statement was made "with knowledge that it was false or with reckless disregard of whether it was false or not.")

In addition, it bears noting that Plaintiffs' own Complaint undermines their argument that the cashier acted negligently, recklessly, or even willfully with respect to falsity. Indeed, Plaintiffs admits that the clerk stated "I heard you holler at [the Customer]." (Compl. at 1.) If the cashier subjectively believed she heard Mr. Taccino holler at the Customer, then it logically follows that she truly believed that Mr. Taccino had created a disturbance. Based on the facts of the Complaint, she therefore was not negligent, reckless, or willful as to "whether the statement was false or not." *Seley-Radtke v. Hosmane,* 450 Md. 468, 474 (2016).

For these reasons, this Court should grant Dollar Tree's Motion to Dismiss Count III of the Complaint.

3. Plaintiff's Failure to Allege Actual Damages is Fatal to a Defamation *Per Quod* Claim.

Although Plaintiff does not discern whether his "defamation" claim is *per se* or *per quod*, his failure to prove actual damages is fatal to a potential *per quod* claim.[4] Indeed, "[i]f the defamatory communication is libelous *per quod*, actual damages must be alleged and proved."

---

[4] *See Metromedia, Inc. v. Hillman*, 285 Md. 161, 163-164 (1979). ("The distinction is based on a rule of evidence and the difference between them lies in the proof of the resulting injury. In the case of words or conduct actionable *per se,* their injurious character is a self-evident fact of common knowledge of which the court takes judicial notice and need not be pleaded or proved. In the case of words or conduct actionable only *per quod,* the injurious effect must be established by allegations and proof of special damage and in such cases it is not only necessary to plead and show that the words or actions were defamatory, but it must also appear that such words or conduct caused actual damage.")

*Gooch v. Maryland Mechanical Systems, Inc*., 81 Md. App. 376, 394 (1990); *see also Metromedia*, 285 Md. at 169 ("In the case of words or conduct actionable only *per quod*, the injurious effect must be established by allegations and proof of special damage . . . ."). "[A]ctual damages require proof of actual loss, the amount of which is determined by the fact-finder." *AGV Sports Group, Inc. v. Protus IP Solutions, Inc.*, 417 Md. 386, 398-399 (2010).

Here, instead of pleading actual damages arising from actual loss, Plaintiff simply asserts that "Dollar Tree, Inc. refused to take the appropriate action and instead defamed Plaintiff's character and reputation to police" (*See* Compl. at 4.) Plainly, there is no allegation of "actual loss," which is required to survive a motion to dismiss of a defamation *per quod* claim. Therefore, to the extent Plaintiff's defamation claim is defamation *per quod*, this Court should dismiss such claim with prejudice.

**D. This Court Should Dismiss Plaintiffs' Claims for Punitive Damages.**

Both Plaintiffs seek to recover punitive damages in the Complaint. Because the Plaintiffs' allegations against Dollar Tree fall well short of Maryland's demanding, strict standard for punitive damages, this Court should dismiss Plaintiffs' claims for punitive damages with prejudice.

In order to sustain a claim for punitive damages, a plaintiff must establish by clear and convincing evidence that a defendant acted with "evil motive, intent to injure, ill will, or fraud, i.e. actual malice." *See Owens-Illinois, Inc. v. Zenobia*, 325 Md. 420, 460 (1992). In *Owens-Illinois*, the Court of Appeals approvingly cited to other jurisdictions which observed the serious, penal effects of punitive damages:

> [P]unitive damages are a form of punishment and can stigmatize the defendant in much the same way as a criminal conviction. It is because of the penal character of punitive damages that a standard of proof more akin to that required in criminal trials is appropriate . . . . A more stringent standard of proof will assure that punitive damages are properly awarded.

*Id*. at 468 (citing *Masaki v. General Motors Corp.*, 71 Haw. 1, 9-11, 780 P.2d 566, 571-572 (HI 1989)); *see also Beall v. Holloway-Johnson*, 446 Md. 48, 71, 130 A.3d 406, 419 (2016) ("Punitive damages are reserved typically for **punishing the most heinous of intentional torts and tortfeasors**.") (emphasis added).

The *Owens-Illinois* court concluded that "this heightened standard is appropriate in the assessment of punitive damages because of their penal nature and potential for debilitating harm. Consequently . . . a plaintiff must establish by clear and convincing evidence the basis for an award of punitive damages." *Id.* at 469.

Here, Plaintiffs fail to allege facts against Dollar Tree supporting an award of punitive damages under the heightened clear and convincing evidence standard. Preliminarily, it is undisputed that the unmasked individual was a customer of Dollar Tree, as opposed to an employee of Dollar Tree. In other words, while Plaintiffs may believe the Customer acted with actual malice by refusing to wear a mask during the Pandemic, it is clear that Dollar Tree's putative failure to ask the Customer to put a mask does not satisfy the heightened standard for punitive damages. In addition, this country—and by extension, its retail stores—had only been dealing with the Pandemic for about one month as of April 25, 2020 when this incident happened. During these uncertain times, especially at the beginning of the Pandemic, it would be illogical to deem a retail store employees' reaction to an unmasked customer as being replete with "evil motive, intent to injure, ill will, or fraud, i.e. actual malice." *See Owens-Illinois,* 325 Md. at 460. In other words, while reasonable minds may disagree about what action a retail store should take when facing an unmasked customer, it is clear that the facts alleged in this case do not warrant an award of punitive damages. *See Beall*, 446 Md. at 72 ("Such damages are only "awarded in an attempt to punish a defendant whose conduct is characterized by evil motive, intent to injure, or fraud, and to warn

others contemplating similar conduct of the serious risk of monetary liability."). Therefore this Court should dismiss Plaintiffs' punitive damages claim with prejudice.

Respectfully submitted,

*/s/ Katherine B. Yoder*

Katherine B. Yoder, Esq. (Federal I.D. No. 30068)
Andrew S. Bassan, Esq. (Federal I.D. No. 20614)
Kiernan Trebach LLP
1233 20th Street NW, 8th Floor
Washington, D.C. 20036
(202) 712-7000
(202) 712-7001 (facsimile)
kyoder@kiernantrebach.com
abassan@kiernantrebach.com

*Attorneys for Defendant*